Filed 5/2/23 Nguyen v. Sola CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| BINH VAN NGUYEN, | C096187 |
| Plaintiff and Appellant, | (Super. Ct. No. STK-CV-UCC-2020-0003140) |
| v. | |
| RICHARD G. SOLA et al., | |
| Defendants and Respondents. | |

Appellant Binh Van Nguyen appeals from an order dismissing his case as a sanction for failing to respond to discovery requests and failing to comply with the trial court's order compelling responses. Appellant contends the trial court abused its discretion by: (1) refusing to consider his late-filed opposition to the motion for sanctions filed by respondents Richard G. Sola and Donna L. Sola and (2) dismissing his case as a sanction for misuse of the discovery process. We conclude the trial court acted within the scope of its discretion in both instances and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Appellant, representing himself, filed a complaint on March 3, 2020, alleging respondents had locked him out of his car repair business, thereby converting and causing damage to his property and causing emotional distress. On June 1, 2021, respondents, also representing themselves, served form interrogatories and document demands on appellant at the address listed on his complaint. The form interrogatories and document demands asked appellant for information and documents evidencing his claimed losses and emotional distress.

On July 20, 2021, respondents filed a motion asserting appellant had not responded to the discovery requests and seeking an order compelling responses and awarding monetary sanctions. Appellant did not file an opposition to the motion, did not request oral argument in response to the trial court's tentative ruling, and did not appear at the hearing. On August 26, 2021, the trial court granted the motion and ordered appellant to serve complete, verified responses to both sets of discovery requests, without objections, within 30 days of service of the order. Respondents served notice of the order on September 23, 2021, at the address listed on the complaint.

On October 13, 2021, respondents filed a motion seeking to continue trial because appellant was not required to respond to their discovery requests until October 23, 2021, which would not leave enough time for another discovery motion, if necessary, before the November 29, 2021, trial date. On October 18, 2021, appellant filed and served a change of address form. On November 5, 2021, appellant filed a response indicating he also wanted to continue trial, claiming he had not received respondents' discovery requests because the address on his complaint was "the wrong address," and promising to respond once respondents sent the requests to his new address. On November 19, 2021, the trial court denied the motion, but it ordered the respondents to re-serve their discovery requests and warned appellant that he "must respond to [respondents'] discovery if he wants to proceed with the case."

On the trial date, an attorney made a special appearance for appellant and filed a declaration stating that, three days earlier, appellant had been exposed to COVID-19 and was told to quarantine for 14 days. The trial court then continued the trial to April 11, 2022, ordering discovery to remain open only for appellant to comply with the court's two prior orders to respond to respondents' discovery requests.

On January 10, 2022, respondents filed a motion seeking sanctions for appellant's continued failure to respond to discovery requests that violated the trial court's prior orders. On February 14, three days before the scheduled hearing, appellant filed an opposition to respondents' motion for sanctions and a declaration. The opposition asked the court to find appellant in contempt or impose monetary sanctions for noncompliance rather than dismissing his case or imposing an evidence sanction prohibiting him from introducing evidence he failed to disclose. Though the declaration purports to include attachments proving he served responses to respondents' discovery requests, appellant has not provided this court with copies of any discovery responses or proofs of service.[1] The trial court declined to consider appellant's late-filed opposition and granted respondents' motion, finding appellant had misused the discovery process by refusing to respond to discovery requests or comply with the court's orders and had disadvantaged respondents as they prepared for trial. Accordingly, the trial court ordered appellant's complaint dismissed with prejudice pursuant to Code of Civil Procedure sections 2023.010 and 2023.030.[2]

Appellant timely appealed.

---

[1] The trial court clerks did not have any record of the exhibits appellant claimed were included with his declaration.

[2] Undesignated statutory references are to the Code of Civil Procedure.

DISCUSSION

I

*Refusal to Consider Appellant's Late-filed Opposition Papers*

Appellant first contends the trial court abused its discretion by refusing to consider his opposition papers because he failed to file and serve them nine court days before the hearing. (See § 1005, subd. (b).) We disagree.

"[A] trial court has broad discretion to accept or reject late-filed papers. (Cal. Rules of Court, rule 3.1300(d).)"[3] (*Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 262.) A trial court does not abuse its discretion by refusing to consider late-filed papers when a party makes no attempt to seek leave to file papers late and does not attempt to show good cause for the late filing. (*Ibid.*; see also *Samaniego v. Empire Today*, *LLC* (2012) 205 Cal.App.4th 1138, 1146 [party "provided no plausible explanation for its tardiness and the court acted within its discretion when it denied leave to file them"].)

Here, appellant did not seek leave to file a late opposition, nor did he offer any explanation for his late filing, so the trial court did not abuse its discretion by declining to consider the late-filed papers. Appellant's argument that the trial court issued its tentative ruling too soon to acknowledge his late-filed papers lacks merit because the trial court later held a hearing and expressly refused to consider appellant's late-filed papers. We also note that appellant purported to attach proof that he responded to respondent's discovery requests, but appellant either failed to attach his responses or failed to provide them to this court. Without the responses, appellant's opposition papers would not have changed the trial court's order. (See also *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 [" 'a record is inadequate, and appellant defaults, if the appellant predicates error

---

**3** Undesignated rule references are to the California Rules of Court.

4

only on the part of the record he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed' "].)

## II

### *Terminating Sanctions*

Appellant next contends the trial court abused its discretion by dismissing his complaint as a sanction for his refusal to respond to discovery requests. Specifically, appellant contends terminating sanctions were not appropriate because: (1) the trial court did not try lesser sanctions first to secure his compliance; and (2) his refusal to respond was not willful. We conclude the trial court did not abuse its discretion.

### A

### *Legal Background and Standard of Review*

Trial courts are authorized to impose sanctions for misuses of the discovery process, including "failing to respond or to submit to an authorized method of discovery" and "disobeying a court order to provide discovery." (§ 2023.010, subds. (d), (g).) When a party fails to respond to interrogatories or to a demand for documents, the opposing party may move for an order compelling responses. (§§ 2030.290, 2031.300.) If the noncompliant party then fails to obey the order, the trial court "may make those orders that are just, including the imposition of an issue sanction, an evidence sanction, or a terminating sanction." (§§ 2030.290, subd. (c), 2031.300, subd. (c); see § 2023.030.) Section 2023.030, subdivision (d)(3), expressly authorizes the court to dismiss an action brought by a party misusing the discovery process.

"Generally, '[a] decision to order terminating sanctions should not be made lightly. But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction.' " (*Los Defensores*, *Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390.) " ' " 'Only two facts are absolutely

5

prerequisite to imposition of the sanction: (1) there must be a failure to comply . . . and (2) the failure must be wilful . . . .' " ' " (*Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163 Cal.App.4th 1093, 1102; accord *Los Defensores*, at p. 390 ["Under this standard, trial courts have properly imposed terminating sanctions when parties have willfully disobeyed one or more discovery orders."].)

"We review discovery orders for an abuse of discretion." (*Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.*, *supra*, 163 Cal.App.4th at p. 1102.) "Sanction orders are 'subject to reversal only for arbitrary, capricious or whimsical action,' " or for " ' "manifest abuse exceeding the bounds of reason." ' " (*Ibid.*; *Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1244.) "When the trial court's exercise of its discretion relies on factual determinations, we examine the record for substantial evidence to support them." (*Los Defensores, Inc. v. Gomez, supra*, 223 Cal.App.4th at p. 390.) "In this regard, 'the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination [of the trier of fact] . . . .' " (*Id.* at pp. 390-391.)

B

*Lesser Sanctions*

Appellant contends the trial court's dismissal of his case was too drastic of a sanction. We disagree.

" '[A] terminating sanction should generally not be imposed until the court has attempted less severe alternatives and found them to be unsuccessful and/or the record clearly shows lesser sanctions would be ineffective.' " (*J.W. v. Watchtower Bible & Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, 1169.) Circumstances that support a finding that less severe sanctions would be ineffective include the duration of prior noncompliance, warnings by the trial court that terminating sanctions could be imposed, and the number of orders violated. (*Id.* at pp. 1170-1171; *Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279-280.)

Here, substantial evidence supports the court's finding that less severe sanctions would not produce compliance with the discovery rules. The trial court first ordered appellant to respond to discovery when he failed to do so for almost three months after respondents served the discovery requests. Then, in its order denying a trial continuance, the court warned appellant that he "must respond to [respondents'] discovery if he wants to proceed with the case." Appellant failed to respond by the deadline and failed to heed the court's warning to respond before the trial date, disobeying two court orders. Had the case gone to trial then without appellant responding to any discovery requests, appellant would likely have faced terminating sanctions, as the trial court had warned. (See *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 994 [trial court abused its discretion by not imposing terminating sanctions when "it was learned *during trial* that [the party] still had failed miserably to comply with discovery orders and directives"].) Appellant avoided this outcome by submitting a declaration on the day of the trial explaining that he had been exposed to COVID-19 three days earlier and told to quarantine. In the order continuing trial, the court again reminded appellant that he must comply with its prior order compelling responses.

Despite the trial court's warnings and despite narrowly avoiding terminating sanctions on the first trial date, appellant still did not respond to the discovery requests, leading respondents to file their motion seeking terminating sanctions. By the time of the hearing, almost nine months had passed since respondents served the discovery requests, almost six months had passed since the trial court had ordered appellant to respond, and the trial court had warned appellant about the possible consequences of noncompliance in two later orders. Despite the threat of sanctions, appellant failed to prove to the trial court that he ever served discovery responses in compliance with the court's order. Nor has appellant explained his continuing refusal to respond to discovery, instead incorrectly blaming respondents for failing to meet and confer. (Compare §§ 2030.290 & 2031.300 [no meet and confer requirement when party fails to respond] with §§ 2030.300, subd.

7

(b)(1) & 2031.310, subd. (b)(2) [requiring meet and confer declaration when moving to compel *further* responses].)

The trial court could reasonably infer from appellant's conduct that he had no intention of complying with its orders, and we must " 'defer to the court's credibility decisions and draw all reasonable inferences in support of the court's ruling.' " (*J.W. v. Watchtower Bible & Tract Society of New York, Inc*, *supra*, 29 Cal.App.5th at p. 1169.) Notwithstanding these repeated failures, appellant requested only monetary sanctions, presumably aware that an evidentiary or issue sanction preventing him from offering any proof of the information respondents sought, though technically lesser sanctions, would have been just as terminal to his case. We conclude substantial evidence supports the court's finding that such sanctions would not produce compliance.

C

*Willfulness*

Appellant also contends the trial court's finding that he willfully violated its order compelling discovery responses is not supported by substantial evidence. We disagree.

In this context, " '[t]he word "willfully," when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage.' " (*Shapiro v. State Bar* (1990) 51 Cal.3d 251, 258; see also Pen. Code, § 7, subd. (1).)

Appellant's lengthy refusal to comply with the trial court's order, despite repeated opportunities and warnings, constitutes substantial evidence to support a finding of willful failure to comply. "Once such evidence is found, the substantial evidence test is satisfied. [Citation.] Even when there is a significant amount of countervailing evidence, the testimony of a single witness that satisfies the standard is sufficient to uphold the finding." (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1052.) Appellant's contentions that his actions were not willful because respondents served their discovery requests at

8

the wrong address and failed to meet and confer with him are, at most, countervailing evidence that we disregard under the substantial evidence standard.[4] We conclude substantial evidence supports the trial court's finding.

DISPOSITION

The judgment is affirmed. Respondents are entitled to their costs on appeal. (Rule 8.278(a)(1), (2).)

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
RENNER, J.

---

**4** Respondents properly served appellant at the address he provided (§ 1013), and appellant had a duty to file and serve written notice of a change of address (rule 2.200). Respondents had no duty to meet and confer because appellant provided no response to their discovery requests. (§§ 2030.290 & 2031.300; cf. §§ 2030.300, subd. (b)(1) & 2031.310, subd. (b)(2).)